**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TAREQ R. JABR,**

        **Plaintiff,**

        v.

**OHIO DEPARTMENT OF
TAXATION, et al.,**

        **Defendants.**

Civil Action 2:23-cv-2651
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Tareq Jabr, an Ohio resident who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Taxation, the State of Ohio, Ohio Attorney General Dave Yost, the City of Columbus, and the Bureau of Criminal Investigation and its agents. (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Additionally, having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.**     **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a

non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."). While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

## II. DISCUSSION

Although not entirely clear, it appears that Plaintiff is making the claim that his Fourth Amendment rights have been violated by a perceived ongoing law enforcement investigation involving warrantless searches and wiretapping. (Doc. 1-1 at 3–4). Plaintiff purports to bring his claim under 28 U.S.C. § "1445A" (*id.* at 2), but no such statute exists. To the extent Plaintiff refers to 28 U.S.C. § 1445, that statute describes actions which may not be removed to federal courts from state courts and has no bearing on Plaintiff's claims. Because Plaintiff alleges a violation of his Fourth Amendment rights, his allegations are perhaps best understood as a cause of action under 42 U.S.C. § 1983.

At the outset, the Undersigned notes that the State of Ohio—as well the Ohio Department of Taxation and the Bureau of Criminal Investigation, as state agencies—are immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Accordingly, the State of Ohio, the Ohio Department of Taxation, and the Ohio Bureau of Criminal Investigation must be dismissed on this basis.

Regarding the City of Columbus, the City can be liable under § 1983 only if the City itself "caused the constitutional deprivation[;] . . . it cannot be held liable on the basis of *respondeat superior*." *Chapman v. City of Steubenville*, No. 2:09-cv-00224, 2010 WL 3734863, at *7 (S.D. Ohio July 23, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  Thus, to the extent Plaintiff is alleging that the City is responsible for the actions of individual police officers under a *respondeat superior* theory, that claim must fail.  Similarly, § 1983 liability cannot apply here as Plaintiff has not identified a municipal custom or policy which led to the alleged deprivation of constitutional rights.  *See Graham v. Cty. of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) (holding that a plaintiff asserting a § 1983 claim on the basis of a municipal custom or policy must identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy); *see also Monell*, 436 U.S. at 692 (stating that a government entity is liable under § 1983 only where its official policy causes its employee to violate an individual's constitutional rights).  So, the City of Columbus must be dismissed also.

Finally, to plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  To plead the second element sufficiently, a plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). The only individual Defendant named in Plaintiff's Complaint is Ohio Attorney General Dave Yost.  Yet, Plaintiff makes no allegation of how the Attorney General had personal involvement

in the alleged Fourth Amendment violations. So, Ohio Attorney General Dave Yost must be dismissed also.

The Undersigned does note that, construing the Complaint liberally, Plaintiff comes closest to alleging personal involvement in a Fourth Amendment violation with his assertion that there was an "illegal car search" by an officer O'Connor and his partner—both seemingly officers of the Columbus Police Department. (Doc. 1-1 at 4). While this has the skeleton of a colorable § 1983 claim, the Complaint fails to provide accompanying factual content or context from which the Court could infer that these individuals were involved personally in any violation of Plaintiff's constitutional rights. And, significantly, Plaintiff has not named either of these individuals as Defendants to the action. Thus, Plaintiff's Complaint must be dismissed.

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. Having performed the initial screen, it is **RECOMMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 28, 2023

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE