IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tareq R. Jabr, | Case No: 2:23-cv-2651 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Jolson |
| Ohio Department of Taxation, et al., | |
| Defendants. | |

Order

Plaintiff Tareq Jabr, who is proceeding *pro se*, alleges in his complaint that he has been the subject of warrantless searches and wiretapping by law enforcement agencies. Named as defendants are the State of Ohio, the Ohio Department of Taxation, the Ohio Bureau of Criminal Investigation, Ohio Attorney General Dave Yost, and the City of Columbus.

In her initial screening Report and Recommendation, the Magistrate Judge construed the complaint as asserting a violation of plaintiff's rights under the Fourth Amendment to the United States Constitution. While the complaint identified the cause of action as being a federal removal statute (28 U.S.C. § 1445), the Magistrate Judge found that the alleged Fourth Amendment violation should be treated as a claim under 42 U.S.C. § 1983.

The Magistrate Judge determined that the complaint fails to state a claim under § 1983 for three reasons. First, the State of Ohio and its agencies are immune from suit and are not "persons" under § 1983. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Second, though Attorney General Yost is a "person" under § 1983, the complaint failed to allege any personal involvement by him in the alleged Fourth Amendment violations. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Finally, though the City of Columbus is not immune from suit, the complaint failed to allege the existence of a municipal custom or policy causing the violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

This matter is before the Court on plaintiff's objections to the Report and Recommendation, which the Court reviews *de novo*. *See* 28 U.S.C. § 636(b)(1).

Plaintiff makes two objections, both of which fail because they are based on a misunderstanding of the law. First, plaintiff argues that he is asserting a claim under 28 U.S.C. § 1331.

This statute does not provide for an independent cause of action. Rather, it gives subject matter jurisdiction to federal courts over actions arising under federal law (federal questions). The Magistrate Judge construed plaintiff's claim as one arising under § 1983, which does present a federal question. However, the analysis on an initial screening does not end there. A court must examine whether the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge correctly determined that any claim against the state agencies must fail because they are entitled to immunity under the Eleventh Amendment.

A potential exception to immunity is available under *Ex parte Young*, 209 U.S. 123 (1908). A plaintiff may assert a claim for injunctive relief against state officials in their official capacity for a continuing violation of federal law. *See Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). However, the complaint does not identify a state official who is committing a continuing violation. As the Magistrate Judge explained, Attorney General Yost is named as a defendant, but the complaint does not allege how he is involved the alleged warrantless searches and wiretapping.

In his second objection, plaintiff again cites a federal removal statute as the basis for his suit. Here too, the removal statute does not provide for an independent cause of action, nor does it somehow cure the deficiencies with plaintiff's complaint which the Magistrate Judge identified.

Accordingly, the Court OVERRULES plaintiff's objections (doc. 5), ADOPTS the Report and Recommendation (doc. 2), and DISMISSES the complaint. Plaintiff's motion to appoint counsel (doc. 4) is DENIED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 16, 2023